752 S.E.2d 542

**In the Matter Michael Anthony WALKER, Respondent.**

Appellate Case No. 2013–002237.

No. 27338.

Supreme Court of South Carolina.

Submitted Nov. 12, 2013.

Decided Dec. 11, 2013.

452

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Michael Anthony Walker, of Charleston, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to disbarment with conditions as specified hereafter. We accept the Agreement and disbar respondent from the practice of law in this state and impose

the conditions as stated hereafter. The facts, as set forth in the Agreement, are as follows.

## *Facts*

### *Matter I*

In 2010, a medical provider treated Client A for injuries she suffered in an incident that give rise to a personal injury claim. Respondent, Client A's attorney, was provided with the medical provider's lien against settlement proceeds.

For approximately one (1) year, the medical provider routinely checked the status of Client A's case and respondent's office advised the case was pending. When the medical provider again inquired in November 2011, respondent's office advised it had "dropped" the case and was no longer representing Client A.

The medical provider then sent Client A's outstanding bill to a collection agency. Thereafter, Client A called the medical provider and said her case had settled and respondent had told her he had paid the medical provider. Later, the collection agency provided the medical provider with a letter from respondent stating the bill had been paid along with respondent's proof of payment, a photocopy of the front and back of his cancelled trust account check. Convinced the check had not been deposited into its account, the medical provider filed a complaint against respondent.

Respondent admits he did not pay the medical provider from Client A's proceeds although he told her he had done so. He also admits he misappropriated the $1,880 the medical provider was to receive and that the check image he provided to the collection agency was fabricated. During the disciplinary investigation, respondent paid the medical provider $1,880.

### *Matter II*

Matter I was not the first time respondent misappropriated funds belonging to the above medical provider. For several years, respondent failed to pay the medical provider whenever he concluded a case on which the medical provider had a lien against proceeds. Instead, respondent presented his clients with settlement statements indicating he was paying the medi-

cal provider, but he took the funds due the medical provider and used them for his own purposes.

The medical provider, which has numerous health care professionals and several offices, discovered this situation in 2009 while attempting to collect on outstanding patient bills. When confronted, respondent admitted the misappropriation and gave the medical provider's owner an affidavit admitting he owed the medical provider $353,000, the amount he misappropriated, and a Confession of Judgment for the same amount. The medical provider chose not to report respondent at that time and, although he promised to repay the medical provider over time, he made no payments.

### Matter III

Respondent failed to comply with the terms of a finally accepted agreement for discipline and provided misleading records to the Commission on Lawyer Conduct (the Commission). In September 2011, respondent received a confidential admonition citing Rule 1.5 and Rule 1.15 of the Rules of Professional Conduct, Rule 407, SCACR, and Rule 417, SCACR, pursuant to an agreement for discipline by consent.[1]

As a condition of the discipline, respondent was required to submit monthly trust account reconciliation reports, bank statements, and other specific financial records for a period of one (1) year. Respondent's submissions were incomplete as they failed to include records of deposits as required by the agreement and failed to demonstrate the three-part reconciliation required by Rule 417, SCACR. Further, the submitted reconciliation reports routinely showed fictitious outstanding deposits solely to make it appear respondent's trust account had a positive balance when adjusted for outstanding items when, in fact, the sum of outstanding checks exceeded the account balance. In addition, outstanding checks were sometimes simply removed from the list of outstanding items from one month to the next even though they had neither been voided nor cleared the account.

---

1. The confidential agreement issued in 2011 resulted from respondent's failure to pay a different medical provider and his failure to comply with the recordkeeping and reconciliation requirements of Rule 417, SCACR.

*Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (lawyer shall promptly notify third person of receipt of funds in which the person has an interest and promptly deliver the third person any funds the person is due); Rule 4.1 (lawyer shall not make false statement of fact to third person); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice). Respondent further admits he has violated Rule 417, SCACR.

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct); Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or bring the professional into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(9) (it shall be ground for discipline for lawyer to willfully fail to comply with terms of finally accepted agreement for discipline).

*Conclusion*

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state.[2] Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Respondent shall not seek readmission until he can demonstrate that he has made full restitution to the medical provider in Matters I and II of this opinion. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413,

---

2. On September 11, 2013, the Court placed respondent on interim suspension. *In the Matter of Walker*, 405 S.C. 468, 748 S.E.2d 236 (2013).

456

SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.